FILED
5/14/25 3:46 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No.: 23-22322-GLT |
| | : | Chapter: 13 |
| Ryan Michael Francis | : | |
| Jennifer Marie Francis | : | |
| | : | Date: 5/14/2025 |
| *Debtor(s).* | : | Time: 10:30 |

### PROCEEDING MEMO

**MATTER:**    #76 - Application to Employ Thomas Plaitano as Attorney, in addition to Motion to Approve Settlement
#86 - Supplement / Addendum to Motion to Approve Nunc Pro Tunc

**APPEARANCES**:
  Debtor:    Richard W. Schimizzi
  Trustee:    Kate DeSimone

[10:28 ]
***NOTES:***
Schimizzi: The Debtor suffered a work-related injury after the case was filed. I was not aware he was on worker's compensation at that time. Eventually, we learned about the injury. When the Debtor contacted me, he had already retained counsel and reached a settlement that needed bankruptcy court approval. Absent this settlement, this case would be defaulted. The Debtor receives $1,363 bi-weekly resulting in $2,963 a month. The Debtor-wife is on work leave without pay. She may return to work by June 1, 2025. If the settlement is approved, the Debtor has stipulated to remit $5,000 to go towards the payment of unsecured creditors ($2,500 from special counsel and $2,500 from the Debtor). Additionally, these funds will help bring the plan current. The settlement is in the amount of $47,400. The Debtors' bi-weekly benefits are being deducted from the settlement. If the exemption amount is allowed, the plan can be brought current. I did look through the standard administrative order, I don't know if there is reference to retaining counsel in chapter 13 cases such as this.

DeSimone: The law is clear here and that is why the chapter 13 trustee filed her response.

**OUTCOME:**
1. The *Motion to Approve Nunc Pro Tunc Counsel for Debtor Ryan Michael Francis and Approve Compromise and Release Agreement* [Dkt. No. 76] is **APPROVED** in part and **DENIED** in part. The application for employment of counsel is approved as of the date it was filed, April 16, 2025. Disbursement to counsel and on account of the Debtors' exemptions are **DENIED** without prejudice, pending a resolution of outstanding issues. [D.B. to enter modified order]

2. The *Chapter 13 Trustee's Objection to Debtors' Amended Exemptions* [Dkt. No. 93] is **CONTINUED** to a hearing on July 2, 2025 at 10:30 a.m. [Text order]

3. On or before June 27, 2025, the Debtor shall file amended Schedules I and J. [Text order]

4. To the extent that Mr. Plaitano requests a distribution of attorney's fees from the settlement, he shall submit to the chapter 13 trustee an itemization of fees and costs incurred on or after April 16, 2025. [Text order]

**DATED:** 5/14/2025